IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEVAUGHN DEJON BRYANT, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-911-O |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Devaughn Dejon Bryant, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In July 2010 Petitioner was indicted in Tarrant County, Texas, Case No. 1201128D, on two counts of aggravated robbery with a deadly weapon. SHR 69,[1] ECF No. 16-17. Petitioner entered an open plea of guilty to both counts, and a jury assessed his punishment at 60 years' confinement for each offense. *Id.* at 71. The trial court found that Petitioner used or exhibited a deadly weapon and ordered his sentences to run concurrently. Petitioner appealed, but the appellate court affirmed the trial court's judgment based on court-appointed counsel's proper assessment in an *Anders* brief that the appeal was frivolous and without merit. *Id.* at 92. Petitioner did seek further direct review, but he did file a postconviction state habeas application, raising the claims presented in this federal

---

[1] "SHR" refers to the state habeas record in petitioner's state habeas proceeding in WR-81,936-01.

petition, which the Texas Court of Criminal Appeals denied without written order on the trial court's findings. Action Taken, ECF No. 16-15.

During the punishment phase of Petitioner's trial, the two victims, both store clerks, testified that on May 23, 2010, Petitioner entered their Exxon store around 2:45 a.m. and, armed with a "Mini 14" Ruger assault rifle with a "long, banana"-shaped magazine, robbed them at gunpoint. Reporter's R., vol. 4, 18-30, ECF No. 167. There was also testimony that Petitioner, Justin Williams, and Nadia and Kristan Kerr had committed a string of similar armed robberies in May 2010, including robberies at a Valero store, a Taco Cabana, a Taco Bell, a Denny's, a Whataburger, two 7-Elevens and an apartment complex. *Id.* at 70-78, 126-31. The majority of the robberies were caught on surveillance videos, and in a recorded interview Petitioner admitted his involvement in at least 7 of the robberies. *Id.* at 90-131. During at least two of the robberies, shots were fired and on one of those occasions a bystander was shot twice. *Id.* at 115-30. Petitioner has fourteen felony convictions, in total, resulting from the 2010 robberies.

## II. ISSUES

Petitioner raises six grounds for habeas relief:

- The trial court erred by failing to have a live suppression hearing (ground one);

- Trial counsel was ineffective by

  - failing to properly litigate the suppression motion
  - advising him to plead guilty to the indictment "where the state could not prove the name of the victim"; and
  - advising him to plead guilty and "hope for a light sentence from the jury (grounds two, four and five);

- The state violated his right to due process by using an inadmissible statement before the jury (ground three); and

2

- Appellate counsel was ineffective by failing to raise his ineffective-assistance-of-trial-counsel claims on appeal (ground six).

Pet. at 6-8, ECF No. 1.

### III. RULE 5 STATEMENT

Respondent believes that Petitioner's claims have been exhausted in state court and that the petition is neither successive nor untimely. Resp't's Answer 4, ECF No. 13.

### IV. DISCUSSION

#### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Id.* § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

**B. Suppression Hearing**

Trial counsel filed a motion to suppress Petitioner's recorded statement on federal and state constitutional and state statutory grounds, alleging–

> [t]he entirety of the circumstances present in this case including Defendant's age, inexperience with law enforcement, intoxication [on Xanax] at the time of the interrogation, length of interrogation, and the influences of hope and fear in obtaining Defendant's statement dictate that Defendant's will was overborne.

Clerk's R. 25, ECF No. 16-11

Under his first and third grounds, Petitioner claims that the trial court violated his right to due process by failing to hold a live hearing on the motion to suppress and that the state violated his right to due process by using the recorded statement before the jury. Pet. 6-7, ECF No. 1. The state habeas judge, who also presided over Petitioner's trial, found that the trial court did not hold a hearing or rule on the motion because trial counsel did not request the court to do so and that the court's decision to not hold a hearing was proper in light of the fact that trial counsel had abandoned the

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

motion. SHR 51-52, 57. The state court further found that the trial strategy was to show the jury that Petitioner was taking responsibility for his actions; thus, the decision to not challenge the statement was strategic. *Id.* at 52, 55. Based on its findings, the state court concluded that the trial court properly did not hold a hearing because the motion was abandoned by trial counsel and that, without a showing that the statement was inadmissible, the state properly admitted the statement into evidence, and the Texas Court of Criminal Appeals denied relief based on the trial court's findings. *Id.* at 57, 59. Petitioner wholly fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' adjudication of the claim is contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court.

Although a criminal defendant has a constitutional right to, at some stage of the proceedings, object to the use of a confession and to have a fair hearing and a reliable determination on the issue of voluntariness, Petitioner cites to no Supreme Court precedent providing that constitutional due process requires a court to sua sponte hold such a hearing when trial counsel does not move for a ruling on the motion.[3] *Jackson v. Denno,* 378 U.S. 368, 376-77 (1964). To the contrary, the trial court is not required to hold a hearing when the issue of voluntariness of a confession is not properly before it. *United States v. Gonzalez,* 548 F.2d 1185, 1190 (1977). An objection to the introduction of a confession must be raised and it must be made sufficiently clear to the court that a hearing is being requested. *Id.* at 1190. That was not done in this case.

---

[3]To the extent Petitioner claims the trial court's failure to conduct a live hearing regarding the admissibility of his record statement violates state constitutional or statutory law, the claim is not cognizable on federal habeas review. *Bridge v. Lynaugh,* 838 F.2d 770, 772 (5th Cir. 1988). This court may only consider whether Petitioner's federal constitutional rights have been violated. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

5

Nor does Petitioner establish a meritorious constitutional claim. The Fifth Amendment "protects a defendant from self-incrimination and prohibits the prosecution from using statements stemming from custodial interrogation . . . unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A defendant may waive his *Miranda* rights when such a waiver is made "voluntarily, knowingly and intelligently." *Id.* When a defendant appears to be under the influence of drugs or alcohol, the "mere fact that a defendant had taken drugs prior to giving a statement does not render it inadmissible." *United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975). "The evidence must show the defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary." *Id.* This determination relies on the particular facts of each case. *See id.* The state habeas court found that Petitioner presented no evidence that he was so intoxicated at the time of his statement that he had no free will or that his statement was suppressible due to voluntary intoxication. SHR 52, ECF No. 16,17. This Court agrees. Although Petitioner told Detective Sullivan that he was "not in his right mind, that he was on four bars [of Xanax]" at the outset of his recorded statement, it is unclear whether Petitioner meant that he was under the influence of the drug when he committed the robbery or at the time of his statement. Further, the interrogation was conducted some 7½ to 8 hours after Petitioner was arrested, and nothing indicates that Petitioner consumed Xanax just prior to his arrest. *Id.* at 95. In fact, Detective Kyle Sullivan testified that Petitioner did not appear to be under the influence of drugs in that–

> he was clear in his -- the way he was talking and, you know, wasn't swaying, staggering. He just had a thought process. Most people are kind of spaced out or won't answer you appropriately, you know, big gaps in -- if you ask them a question, they wait 30 seconds to answer you back and stuff like that. This is not the indication here.

Reporter's R., vol. 4, 95-96. And, Petitioner told a different detective that he had not taken any drugs that day. *Id.* 96. On this record, Petitioner has not demonstrated that the state courts' adjudication of the claims is contrary to, or an unreasonable application of federal law as determined by the Supreme Court, or was unreasonable in light of the evidence before the state court.

### C. Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court recently set out in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's strictures:

7

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Under his second ground, Petitioner claims trial counsel provided ineffective assistance as guaranteed by the Sixth Amendment, by failing to properly litigate the suppression motion. Petitioner asserts that–

> counsel researched prepared and filed a motion to suppress Petitioner's oral confession. Petitioner was under the influence of several illegal narcotics when he gave the statement, and his will was subsequently overborne by the interrogation. Counsel never had a live hearing on this motion.

Pet. 6, ECF No. 1.

The state habeas judge, who also presided at Petitioner's trial, conducted a hearing by affidavit. Trial counsel responded to Petitioner's allegation in his affidavit as follows:

> 1. It was trial strategy not to challenge the confession as it was calculated to allow the Defendant to "own up" to the confession.
>
> 2. Our office receives discovery on all cases and reviews any police reports or warrant affidavits for discrepancies and possible grounds to suppress.

8

> 3. We do not believe there were any grounds to suppress the statement. Any objection or pre-trial motion to suppress would have been wholly frivolous, especially as guilt or innocence were not at issue at this point.

SHR 43, ECF No. 16-17.

The state habeas court entered findings consistent with counsel's affidavit, and, applying the *Strickland* standard, concluded that counsel's decision to abandon the motion to suppress was the result of reasonable trial strategy, and the Texas Court of Criminal Appeals denied relief on the trial court's findings. *Id.* at 52, 57.

Petitioner wholly fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' adjudication of the claim is contrary to or an unreasonable application of *Strickland*. The strategic decision not to challenge the admissibility of the recorded statement falls well within the range of tactical trial strategy that is left to the professional judgment of counsel. *Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of counsel). Furthermore, given Petitioner's guilty pleas to the offenses, he cannot show prejudice as a result of the admission of his recorded confession.

Under his fourth and fifth claims, Petitioner asserts that trial counsel was ineffective by advising him to plead guilty to the indictment because one of the alleged victims, Irma Collado-Zamarron, testified at trial that her name is Irma Collado and by advising him to reject the state's 50-year plea offer and plead guilty in the hope of getting lighter sentences from the jury. Pet. 7, ECF No. 1.

Counsel responded to these allegations as follows:

9

6. The Defendant pled guilty, thus conceding the fact that he had robbed the woman at question. Identity was not an issue.

7. It would be imprudent trial strategy to have challenged her identity at that time as:

   a. Giving an alleged victim of a violent crime a hard time on the stand poses the risk of turning the jury against the Defendant;
   b. To challenge the identity of a woman who is testifying first hand knowledge of the incident would not have had any effect on the substance of the testimony; and
   c. The use of the victim's *segundo apellido* on the indictment is not contradictory [to] any self-reference using only her surname in other situations.[4]

*Ergo,* the name was not challenged as her name had no substantive bearing on her testimony nor did it indicate any dishonesty on her part. To have brought it up would have, at best, educated the jury as to naming customs in Latin America.

. . .

8. Counsel made recommendation to go to the Court with an open plea because it seemed the best option considering the State's high offer and the low odds of success at trial. Attorneys are expected to advice [sic] clients based on experience and training and such calls cannot be judged by results in hindsight.

9. Having been advised of the risks of an open plea, Defendant chose to take it nevertheless. This plea was made freely and voluntarily as was determined by the court.

SHR 43-44, ECF No. 16-17.

The state habeas court found that counsel's decision to advise Petitioner to plead guilty, notwithstanding the variance between the testimony and the indictment, was the result of reasonable trial strategy, given the reasons cited by counsel and the fact that the victim's name was listed as

---

[4]"Segundo apellido" means second surname in English. In most Spanish-speaking countries, a person has two last names. The last names of both parents are carried over to the child.

10

Collado-Zamarron in the police report and Petitioner's plea was entered before the victim testified. *Id.* at 53. The state court further found that, although counsel discussed the plea offer with Petitioner, Petitioner rejected the offer and that, under the circumstances of Petitioner's case, counsel's advice was the result of reasonable trial strategy, and the Texas Court of Criminal Appeals denied relief based on the trial court's findings.

Petitioner wholly fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' adjudication of the claims is contrary to or an unreasonable application of *Strickland.* Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States,* 516 U.S. 29, 50–51 (1995). First, Petitioner's assertion that the state could not prove the name of the victim is frivolous. Second, a plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated or hoped for. *Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002). Often a criminal defendant will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *North Carolina v. Alford,* 400 U.S. 25, 37 (1970); *Brady v. United States,* 397 U.S. 742, 749–50 (1970). Here, it appears counsel, based on his knowledge and experience, advised petitioner in good faith that he felt entering guilty pleas and taking responsibility for his actions was the best option. The entry of a guilty plea in the hope of escaping a higher sentence is permissible trial strategy.

Finally, Petitioner claims his appellate counsel was ineffective by failing to raise his ineffective-assistance-of-trial-counsel claims on appeal. The state habeas court rejected Petitioner's

claim, explaining that claims of ineffective assistance of trial counsel are usually best raised on collateral review, not direct appeal, because the trial record on direct appeal generally is insufficient to establish a *Strickland* claim of deficient performance and prejudice. SHR 56, ECF No. 16-17. Thus, an application for writ of habeas corpus is the more appropriate vehicle to raise such claims. *Id.* at 60. As such, the state court found that counsel had a "plausible basis in strategy" for not raising Petitioner's ineffective-assistance-of-trial-counsel claims on appeal and, thus, concluded that Petitioner had failed to prove counsel's representation fell below an objective standard of reasonableness, and the Texas Court of Criminal Appeals denied relief based on the trial court's findings. *Id.* at 56.

Petitioner wholly fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' adjudication of the claims is contrary to or an unreasonable application of *Strickland.* Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Although, in Texas, claims of ineffective assistance of trial counsel can be properly raised on appeal if the appellate record is sufficiently developed, in most cases, including this case, the trial record alone will be insufficient. Consequently, appellate counsel was not ineffective in failing to raise the issue on appeal. *Evitts,* 469 U.S. at 394; *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir. 1995).

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 is **DENIED** and a certificate of appealability is **DENIED**.

    **SO ORDERED** on this 28th day of October, 2016.

                              _____
                              Reed O'Connor
                           **UNITED STATES DISTRICT JUDGE**